**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants Tri Ung, Nany Teav

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC CLEVELAND**, an individual<br><br>*Plaintiff*,<br><br>v.<br><br>**TRI UNG**, an individual; **NANY TEAV**, an individual; and DOES 1-10,<br><br>*Defendant*. | Case No. 2:21-cv-07885-GW-GJS<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**<br><br>Honorable George H. Wu<br><br>United States Courthouse<br>350 West 1st Street<br>Courtroom 9D, 9th Floor<br>Los Angeles, CA, 90012<br><br>Date: Monday, February 14, 2022<br>Time: 8:30 a.m. |

**To Plaintiff and his attorneys of record:**

Defendants Tri Ung and Nany Teav ("**Defendants**") herewith submit their points and authorities in support of their motion to dismiss Plaintiff's federal claim pursuant to Federal Rule of Civil Procedure ("**FRCP**") 12(b)(1) as follows:

Stephen E. Abraham
— LAW OFFICES —
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

# CONTENTS

I. INTRODUCTION AND SUMMARY ........................................................ 1

II. LEGAL FRAMEWORK FOR THIS MOTION TO DISMISS .................... 1

    1.    Motion to Dismiss Under 12(b)(1) .............................................. 1

        A.    Motion to Dismiss for Lack of Federal Jurisdiction .............. 1

        B.    Motion to Dismiss for Lack of Standing ................................ 3

III. RELEVANT FACTS ............................................................................ 3

    1.    Summary of Proceedings and Claims ......................................... 3

    2.    Portions of the Property Targeted by the Complaint
        Affecting Plaintiff's Disability Comply with Federal
        ADA Requirements ....................................................................... 4

        A.    Directional Signage – Complaint, ¶20 at 7:12-21 ................ 5

        B.    Tow Away Sign (STATE LAW) (Complaint, ¶20 at
            7:24-8:12) ............................................................................ 5

        C.    Accessible Parking Space – Complaint, ¶20 at 12:12-
            13:1 (faded paint); 13:2-16 (width); 13:18-14:5
            (length); 14:22-15:4 (slope); 16:12-17:5 (ground
            surface signage); 18:16-27 (changes in level) .......................... 6

        D.    Accessible Parking Space Signage – Complaint, ¶20
            at 8:14-25; 9:2-15 ............................................................... 6

        E.    Access Aisle – Complaint, ¶20 at 14:8-20 (length);
            15:6-15 (slope); 15:17-16:9 (presence of aisle), 17:8-
            21 ("no parking"), 17:24-18:13 (adjoining path of
            travel) ................................................................................... 6

        F.    Exterior Route of Travel ....................................................... 7

        G.    Carpet/Mat (Complaint, ¶20:16-23) ..................................... 9

        H.    Clear Floor Space (FEDERAL STANDARD)
            (Complaint, ¶20:13-23) ...................................................... 9

        I.    There are *No* Remaining Noncompliant Conditions as
            Alleged in Plaintiff's Complaint ......................................... 10

IV. DISCUSSION ................................................................................... 10

    1.    Plaintiff Has Not Sufficiently Pled the Basis for
        Invoking Article III Jurisdiction of this Court ......................... 10

    2.    Claims Relating to the Conditions Alleged in the
        Complaint (Doc. 1) Have Been Legally Addressed ..................... 11

    3.    The Federal ADA Claim is Moot and Cannot Serve as a
        Basis for Federal Jurisdiction .................................................. 14

        A.    Federal Courts Only Hear Actual Cases or
            Controversies ..................................................................... 14

        B.    There is no Longer any Basis for Relief under the
            ADA ..................................................................................... 15

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

4.      This Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State Claims ................................... 17

        A.      Long-Standing Principles of Jurisprudence Warrant Declining to Exercise Supplemental Jurisdiction in this Case .................................................................................... 17

        B.      State Claims that Predominate the Litigation Warrant Declining to Exercise Supplemental Jurisdiction in this Case .................................................................................... 19

        C.      State Court Provides a More Efficient Forum for Plaintiff's State Law Claims ..................................................... 20

**V. CONCLUSION** ................................................................................................. **20**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

# TABLE OF AUTHORITIES

## FEDERAL CASES

*B.C. by and through Powers v. Plumas Unified School District,*
192 F.3d 1260, 1264 (9th Cir. 1999)......................................2, 14

*Carnegie–Mellon Univ. v. Cohill,*
484 U.S. 343 (1988) ...............................................................18

*Chandler v. State Farm Mut. Auto Ins. Co.,*
598 F.3d 1115 (9th Cir. 2010)..................................................3

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
631 F.3d 939 (9th Cir. 2011)..........................................10, 16

*City of Chicago v. Int'l College of Surgeons,*
522 U.S. 156 (1997) .......................................................17, 18

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983) .........................................................15, 16

*County of Los Angeles v. Davis,*
44 U.S. 625 (1979) ................................................................15

*D'Lil v. Stardust Vacation Club,*
No. CIV-S-00-1496 DFL PAN, 2001 U.S. Dist.
LEXIS 23309 (E.D. Cal., Dec. 21, 2001) ..............................12

*Dufresne v. Veneman,*
114 F.3d 952 (9th Cir. 1997)..................................................16

*Earll v. eBay, Inc.,*
5:11-cv-00262, 2011 WL 3955485 (N.D. Cal.
Sept. 7, 2011)........................................................................19

*Executive Software N. Am., Inc. v. United States Court for Central District of Cal.,*
24 F.3d 1545 (9th Cir. 1994)..................................................18

*Flast v. Cohen,*
392 U.S. 83 (1968) ................................................................14

*Gingerich v. White Pigeon Community Schs.,*
736 F.Supp. 147 (W.D. Mich.1990)........................................18

*Grupo Dataflux v. Atlas Global Group, L.P.,*
541 U.S. 567 (2004) ................................................................1

*Independent Living Resources v. Oregon Arena Corp.,*
982 F.Supp. 698 (1997)..........................................................16

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
114 S. Ct. 1673 (1994) ............................................................1

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

*Lentini v. Cal. Ctr. for the Arts, Escondido,*
   370 F.3d 837 (9th Cir. 2004) ...................................................................... 19

*Lewis v. Continental Bank Corp.,*
   494 U.S. 472 (1990) .................................................................................... 14

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ...........................................................................2, 3, 14

*Mangual v. Rotger-Sabat,*
   317 F.3d 45 (1st Cir. 2003) ........................................................................ 14

*Mannick v. Kaiser Foundation Health Plan, Inc.,*
   No. C03-05905PJH, 2006 U.S. Dist. LEXIS 38430
   (N.D. Cal., June 9, 2006) ............................................................................ 12

*Maya v. Centex Corp.,*
   658 F.3d 1060 (9th Cir. 2011) ...................................................................... 2

*Moeller v. Taco Bell Corp.,*
   No. C02-05849, 2007 WL 2301778 (N.D. Cal.
   Aug. 8, 2007) ............................................................................................. 19

*Moreno v. G&M Oil Co.,*
   88 F.Supp.2d 1116 (C.D. Cal. 2000) .......................................................... 16

*Munson v. Del Taco, Inc.,*
   46 Cal. 4th 661 (2009) ............................................................................... 19

*O'Shea v. Littleton,*
   414 U.S. 488 (1974) .............................................................................15, 16

*Org. for Advancement of Minorities with Disabilities v.*
   *Brick Oven Rest.,*
   406 F. Supp. 2d 1120 (S.D. Cal .2005). ...................................................... 18

*Pickern v. Best Western Cove Lodge Marina Resort,*
   194 F.Supp.2d 1128 (E.D. Cal. 2002) ...................................................16, 17

*Rogers v. Irvine Co. LLC,*
   No. SA CV 13-0638-DOC(ANx), 2014 WL
   2865699 (C.D. Cal June 24, 2014) ............................................................ 18

*Safe Air for Everyone v. Meyer,*
   373 F.3d 1035 (9th Cir. 2004) ...................................................................... 2

*San Pedro Hotel Co., Inc. v. City of L.A.,*
   159 F.3d 470 (9th Cir. 1998) ...................................................................... 18

*Savage v. Glendale Union High Sch.,*
   343 F.3d 1036 (9th Cir. 2003) ...................................................................... 3

*St. Clair v. City of Chico,*
   880 F.2d 199 (9th Cir. 1989) ........................................................................ 2

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

*Steir v. Girl Scouts of the USA*,
   383 F.3d 7 (1st Cir. 2004) .............................................................14

*Stock West, Inc. v. Confederated Tribes*,
   873 F.2d 1221 (9th Cir. 1989)........................................................2

*Thornhill Publishing Co. v. General Tel & Elect.*,
   594 F.2d 730 (9th Cir. 1979)......................................................2, 3

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966) ...............................................................17, 19

*Wander v. Kaus*,
   304 F.3d 856 (9th Cir. 2002)..........................................15, 17, 20

**FEDERAL STATUTES**

28 U.S.C. §1332..........................................................................17

28 U.S.C. §1367..........................................................................17

42 U.S.C. § 12188.......................................................................15

42 U.S.C. §12182..................................................................12, 13

42 U.S.C. §12183..........................................................................12

**FEDERAL RULES**

FED.R.CIV.P. 12 .........................................................................1, 2

**OTHER FEDERAL AUTHORITIES**

15 MOORE'S FEDERAL PRACTICE § 102.32 .................................14

California Practice Guide, Federal Civil Procedure
   Before Trial, §9:77.10 .................................................................2

**STATE STATUTES**

CAL. CIV. CODE §52....................................................................20

CAL. CIVIL CODE §52.2...............................................................20

CAL. CODE CIV. PROC. §1033 ....................................................20

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b          v

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# I.

## INTRODUCTION AND SUMMARY

Plaintiff Eric Cleveland claims to be disabled, alleging he needs a hip replacement and claiming as a result of this trouble walking and standing. He further claims to use a cane. On October 3, 2021, Plaintiff filed his complaint alleging violations of the Americans with Disabilities Act ("ADA") and (prominently) demanding thousands of dollars in state-law damages for multiple visits. While claiming barriers to access, his complaints read like a technical inspection report, alleging every sort of condition, many of which are not architectural features (let alone barriers), are unrelated to his alleged disability, and are even simply wrong.

Nevertheless, Defendant undertook to address every condition alleged in the complaint. The accompanying papers, as summarized herein, demonstrate that all of Plaintiff's demands for remediation are moot except as to one condition for which the only solution would be to move the entire building; as to that condition, accommodations have been made consistent with the ADA's requirement to remove barriers where possible and to mitigate the effects where not. Defendants submit that their motion should be granted and this action dismissed.

# II.

## LEGAL FRAMEWORK FOR THIS MOTION TO DISMISS

### 1.   MOTION TO DISMISS UNDER 12(B)(1)

#### A.   Motion to Dismiss for Lack of Federal Jurisdiction

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss a claim based on the court's lack of subject matter jurisdiction. See FED.R.CIV.P. 12(b)(1); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). Because plaintiff bears the burden of establishing subject matter jurisdiction (see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994), no presumption of truthfulness attaches to the allegations of plaintiff's complaint and the Court must presume it lacks jurisdiction until plaintiff establishes jurisdic-

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                    1
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1  tion. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

2  "A federal court is presumed to lack jurisdiction in a particular case unless the con-

3  trary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d

4  1221, 1225 (9th Cir. 1989) (citation omitted). "Article III of the Constitution con-

5  fines the federal courts to adjudication of actual 'Cases' and 'Controversies.'"

6  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992). "[T]he core component

7  of standing is an essential and unchanging part of the case-or-controversy require-

8  ment of Article III." *Id.* at 560 (citation omitted). Consequently, a case that lacks

9  Article III standing must be dismissed for lack of subject matter jurisdiction. See

10 *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Even at the initial

11 pleading stage, plaintiffs bear the burden of establishing the court's subject matter

12 jurisdiction. CALIFORNIA PRACTICE GUIDE, FEDERAL CIVIL PROCEDURE BEFORE

13 TRIAL, §9:77.10. "[F]ederal courts are required, sua sponte, to examine jurisdic-

14 tional issues." *B.C. by and through Powers v. Plumas Unified School District*, 192

15 F.3d 1260, 1264 (9th Cir. 1999). "A motion to dismiss for lack of subject matter

16 jurisdiction may either attack the allegations of the complaint or may be made as a

17 'speaking motion' attacking the existence of subject matter jurisdiction in fact."

18 *Thornhill Publishing Co. v. General Tel & Elect.*, 594 F.2d 730, 733 (9th Cir.

19 1979); see also FED.R.CIV.P. 12(b)(1). "[A] Rule 12(b)(1) motion can attack the

20 substance of a complaint's jurisdictional allegations despite their formal sufficien-

21 cy, and in doing so rely on affidavits or any other evidence properly before the

22 court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (emphasis add-

23 ed). Thus, the existence of disputed material facts will not preclude the trial court

24 from evaluating for itself the merits of jurisdictional claims. *Id.*

25      Defendants' motion presents both a facial and factual challenge to subject

26 matter jurisdiction. In a factual attack, the challenger provides evidence that an al-

27 leged fact in the complaint is false, thereby resulting in a lack of subject matter ju-

28 risdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                    2
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Therefore, under a factual attack, the allegations in the complaint are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). *Thornhill*, 594 F.2d at 733. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

## B.    Motion to Dismiss for Lack of Standing

Because standing is essential for a federal court to have subject matter jurisdiction, the issue of standing is properly raised in a 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citations omitted). In order to establish and *maintain* standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) causal connection between the injury and the conduct complaint of; and (3) *likelihood that a favorable decision will redress the wrong*. *Lujan*, supra, 504 U.S. at 560. It is a plaintiff's burden to "establish[] that he has standing to pursue his claims." *Lujan*, 504 U.S. at 561.

## III.

## RELEVANT FACTS

### 1.    SUMMARY OF PROCEEDINGS AND CLAIMS

On October 3, 2021, Plaintiff filed his complaint alleging violations of the ADA and related state claims. He claimed 3 separate visits "during the relevant statutory period on three (3) separate occasions, March 2020, June 2020 and January 2021." Doc. 1 (Complaint), ¶13. In terms of describing how the condition af-

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                    3

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

fected his ability to patronize the business at the targeted property, Plaintiff's allegations are sketchy at best. He claims to have difficulty walking and standing (*Id.*, ¶1) but only claims to use a cane. (*Id.*) Notably, he complains about wheelchair-related features such as the width and length of the parking space and access aisle and width of aisles. As to the latter, relying solely on the misapplication of state law, he claims that the interior aisles are less than 44 inches wide. Federal standards are 36 inches. But in either event, Plaintiff does not explain how these conditions affect him in light of his disability. Nowhere in Plaintiff's complaint did he describe <u>how</u> the conditions amounted to a barrier to *his* access other than to claim that every condition makes his experience difficult.

Plaintiff alleged on the basis of the claimed barrier a right to injunctive relief under the Americans with Disabilities Act and damages under state law.

**2.    PORTIONS OF THE PROPERTY TARGETED BY THE COMPLAINT AFFECTING PLAINTIFF'S DISABILITY COMPLY WITH FEDERAL ADA REQUIREMENTS**

Jason James, a certified CASp inspector, performed an inspection of the property located at 2569 Santa Fe Avenue, Long Beach, CA on December 21, 2021 (James Decl., ¶¶4-5), confirming in a report that the features of the parking lot and other conditions of the property targeted by Plaintiff complied with the current applicable federal ADA standards except where noted and, as to that condition, that on the basis of technical infeasibility that the effects of the condition have been mitigated. James Decl., ¶¶6-8; Exh. 1.

During James's inspection, he inspected each of the items, where required measuring items to determine compliance, observing other conditions to confirm that they met federal and/or state requirements and, concluded that at the latest as of the date of his inspection the conditions of which Plaintiff complained did not exist or, as specifically noted with respect to one feature, the elimination of the condition is not required. *Id.*

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                    4
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## A.    Directional Signage – Complaint, ¶20 at 7:12-21

Regarding entrance signage, section 216.6 of the ADAS states that signage is only required on an entrance if not all entrances are accessible. James Decl., ¶9. In the case of the targeted property, James observed there to be only one entrance made available to the public. Therefore, there is no requirement that there be a sign at the entrance. *Id.*, ¶10. Regarding directional signage, section 216.6 requires that directional signage be placed at entrances that are not compliant showing the route to the accessible entrance. *Id.*, ¶11. Under the CBC, 11B-216.6, directional signage at an accessible route is only required "at junctions when the accessible route diverges from the regular circulation paths." *Id.*, ¶12. Per the California Access Compliance Advisory Reference Manual (issued by the State of California)... "Advisory 11B-216.6 Entrances. Directional signs are needed where the accessible route diverges from the route for the general public and should be located at decision points (for example where the path to the stairs diverges from the path to an elevator or ramp). *Id.*, ¶13. Directional signs are not needed where paths are equal and/or readily apparent." *Id.*, ¶14. There is only one entrance to the market. There is no other entrance. Moreover, from the path of travel from the parking lot, there is no split of direction nor path leading in any direction other than to the entrance that is conspicuous from the sidewalk. *Id.*, ¶15. James concluded that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS. *Id.*, ¶16.

## B.    Tow Away Sign (STATE LAW) (Complaint, ¶20 at 7:24-8:12)

The towaway sign required under the California Building Code (CBC) is prominently posted. James Decl., ¶17; Exh. 1 at Finding 1. James concluded that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2019 CBC. James Decl., ¶18.

Stephen E. Abraham
— LAW OFFICES —
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                  5
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**C.     Accessible Parking Space – Complaint, ¶20 at 12:12-13:1 (faded paint); 13:2-16 (width); 13:18-14:5 (length); 14:22-15:4 (slope); 16:12-17:5 (ground surface signage); 18:16-27 (changes in level)**

James inspected the accessible parking space. James Decl., ¶19.

An accessible parking space was located in the adjacent parking lot positioned in the closed possible space adjacent to the sidewalk. James Decl., ¶20. The accessible parking space is 9 feet 4 inches wide, 18 feet 2 inches in length, and has slopes and cross slopes of no greater than 2%. James Decl., ¶21; Exh. 1 at Finding 1. The space is freshly painted, bordered on three sides in blue, and marked with ISA symbol and signage designating the space as van accessible. *Id.* at ¶22. The surface of the accessible parking space is freshly poured with no changes in level, uneven locations, depressions, dips, divots, or cracks measuring greater than ½ inch. *Id.* at ¶23. James concluded that the accessible parking space meets applicable federal accessibility standards. *Id.* at ¶24-25; Exh. 1 at Finding 1.

**D.     Accessible Parking Space Signage – Complaint, ¶20 at 8:14-25; 9:2-15**

James observed a sign posted on the wall at the head (front) of the accessible parking space. James Decl., ¶26. The sign was posted more than 60 inches from the base of the sign to the ground. It was not obscured. The sign included the ISA symbol, "Minimum Fine $250", and "Van Accessible" elements. *Id.*, ¶27. James concluded that the accessible parking space signage meets applicable federal accessibility standards. *Id.*, ¶¶28-29; Exh. 1 at Finding 2 page 8.

**E.     Access Aisle – Complaint, ¶20 at 14:8-20 (length); 15:6-15 (slope); 15:17-16:9 (presence of aisle), 17:8-21 ("no parking"), 17:24-18:13 (adjoining path of travel)**

James inspected the access aisle adjacent to the accessible parking space, including the signage, and transition to accessible paths of travel. James Decl., ¶30. An access aisle was located immediately to the right of the van accessible parking

Stephen E. Abraham
——— LAW OFFICES ———
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

space. *Id.*, ¶31. The access aisle is eight feet 2 inches wide, 18 feet 2 inches in length, and has slopes and cross slopes of no greater than 2%. *Id.*, ¶32. The surface of the access aisle is freshly poured with no changes in level, uneven locations, depressions, dips, divots, or cracks measuring greater than ½ inch. The access aisle is bordered in blue, contains diagonal lines, and the words in contrasting lettering, "NO PARKING" so as to discourage parking. *Id.*, ¶33. At the head of the access aisle is a transition to an accessible path of travel leading to the public sidewalk. *Id.*, ¶34. James concluded that the access aisle meets applicable federal accessibility standards. *Id.*, ¶¶ 35-36; Exh. 1 at Finding 2.

### F.     Exterior Route of Travel

The balance of Plaintiff's claims regarding the exterior of the property relate to the path from the parking area to the entrance of the market. Plaintiff purports to describe conditions in redundant fashion, ambiguously attributing alleged violations to unspecified portions of the point of travel between the parking lot and the entrance. In the following section, each of the portions of the path of travel are discussed beginning with the point by the access aisle and ending with the front door of the market.

### 1.     Path of Travel from the Access Aisle to the Public Sidewalk – Complaint, 6:2-12 (obstruction and vehicle free path), 6:14-7:9 (general), 9:17-10:2 (cross-slopes), 10:5-11:19 (changes of level), 11:21-12:9 (hazardous vehicular area), 19:2-16 (excess slopes)

James inspected the path of travel leading from the access aisle adjacent to the accessible parking space to the public sidewalk. James Decl., ¶37. The surface of the path of travel is freshly poured with no changes in level, uneven locations, depressions, dips, divots, or cracks measuring greater than ½ inch. *Id.*, ¶38. The path begins at the head of the access aisle closest to the exterior side wall of the market. *Id.*, ¶39. At no point does the path travel behind any vehicle nor adjoin

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                              7
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

places of traffic. It follows the wall in front of the access aisle and accessible parking space until it meets the sidewalk. *Id.*, ¶40. It is not less than 4 feet wide at its narrowest point. *Id.*, ¶41. The path has slopes no greater than 5% and cross slopes no greater than 2% at any point. The path also has slopes no greater than 2% at any turning point. *Id.*, ¶42. The path is distinctly striped so as to indicate it to be an accessible path of travel. *Id.*, ¶43. James concluded that the path of travel from the access aisle and accessible parking to the public sidewalk meets applicable federal accessibility standards. *Id.*, ¶¶44-45; Exh. 1 at Finding 2.

> **2.    Path of Travel from the Public Sidewalk to the Entrance of the Building – Complaint, 6:14-7:9 (general), 19:2-16 (excess slopes), 19:18-5 (minimum width of ramp), 20:8-13 (least possible slope); Entrance Threshold – Complaint, ¶20:25-21:11**
>
> **(a)    Barrier Removal at the Entryway is Technically Infeasible**

The entire market, originally constructed in 1947, is located on a raised pad. James Decl., ¶46. The entrance to the store consists of a single commercial exterior door is set back approximately 32 inches from the exterior wall of the building. *Id.*, ¶47. The adjacent portions of the walls to the left and right of the door are structural. *Id.*, ¶48. The entry is not less than 32 inches wide and has a change in elevation of approximately 6 inches from the public sidewalk to the threshold of the door. *Id.*, ¶49. The slope of the pathway is 11.2%. To maintain a running slope of no greater than 1:20, the ramp would need to be no less than 12 feet, intruding onto the sidewalk. *Id.*, ¶50. Even if reduced to 8.3% (1:12) with handrails, the ramp would extend well beyond the edge of the building onto the public sidewalk. *Id.*, ¶51. The only alternative would be to extend the ramp into the store itself, creating a network of switchbacks that would require vast portions of the store to be devoted to ramps, again a technically infeasible option. *Id.*, ¶52.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                8
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Due to the difference in elevation from the interior structural slab and tile flooring to the exterior concrete, the threshold cannot feasibly be less than ½ inch and still seal to the bottom of the door. *Id.*, ¶53.

James concluded that it is not technically feasible to eliminate or reduce the slope of the entryway leading into the market from the sidewalk. *Id.*, ¶¶56-57; Exhibit 1 at Finding 3.

### (b)    A Reasonable Accommodation for Disabled Access is Provided to Address the Entryway Claims

To address the issue of the excess slope, Defendants added a sign and buzzer to easily allow a person requiring assistance to notify employees of the business who could then open the door and assist the patron into the store. James Decl., ¶54. The sign was prominently posted and would have been easily recognized as addressing any perceived barriers at the entrance by even the most casual observer. *Id.*, ¶55. James concluded that it is not technically feasible to eliminate or reduce the slope of the entryway leading into the market from the sidewalk and that the sign and buzzer system at the entrance represent a reasonable accommodation. *Id.*, ¶¶56-57; Exhibit 1 at Finding 3.

### G.    Carpet/Mat (Complaint, ¶20:16-23)

James observed there to be no carpets or mats within the market. James Decl., ¶57. James concluded that there is no violation of federal accessibility standards relating to mats or carpets. *Id.*, ¶58.

### H.    Clear Floor Space (FEDERAL STANDARD) (Complaint, ¶20:13-23)

The complaint alleges noncompliance based on allegedly narrow and/or obstructed aisle. Plaintiff further claims that the minimum standards of accessibility require aisles to be at least 44 inches, falsely attributing this requirement to federal standards. James Decl., ¶60. The foregoing allegations in the Complaint do not describe a violation of federal accessibility standards that provide for 36-inch-wide

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

aisles with narrowing permitted to 32 inches. *Id.* ¶61.

James confirmed in his report that all portions of the Market were accessible, that the aisles were 36 inches wide except where narrowed to no less than 32 inches for no greater length than 24 inches and that no narrowed portions were closer than 48 inches to one another. *Id.* ¶62. James concluded that the conditions of the aisles within the market meet the requirements of the applicable provisions of the 2010 ADAS. James Decl., ¶¶63-64; Exhibit 1 at Finding 5.

## I.      There are *No* Remaining Noncompliant Conditions as Alleged in Plaintiff's Complaint

The foregoing facts address all of grounds for Plaintiff's federal claim. There are no other noncompliant conditions alleged by Plaintiff in his Complaint. Based on the foregoing, Plaintiff's federal claims are moot.

## IV.

## DISCUSSION

## 1.   PLAINTIFF HAS NOT SUFFICIENTLY PLED THE BASIS FOR INVOKING ARTICLE III JURISDICTION OF THIS COURT

In the Ninth Circuit, a plaintiff bringing an ADA claim must allege what barriers were encountered and "how [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that [he or she] personally suffered discrimination under the ADA on account of [his or her] disability)." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).  A mere list of alleged violations "cannot substitute for the factual allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact" when there is no "attempt to relate the alleged violations to [the] disability" at issue. *Id.* at 955. As the *Chapman* court explained:

> While we are mindful of the generous pleading standards that apply to civil rights plaintiffs, "a liberal interpretation of a . . . civil rights complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). Chapman's

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                    10

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

complaint fails to sufficiently allege the essential elements of Article III standing. Although Chapman alleges that he is "physically disabled," and that he "visited the Store" and "encountered architectural barriers that denied him full and equal access," he never alleges what those barriers were and how his disability was affected by them so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

*Chapman*, *supra*, 631 F.3d at 954. See also *Langer v. Badger Co., LLC*, 2020 U.S. Dist. LEXIS 26545, *5 (S.D. Cal. Feb. 14, 2020) ("Like the original complaint, the FAC points to technical ADA violations, but fails to allege facts showing that they were actual barriers for him. ¶ While insisting on specific factual allegations might seem unnecessary, binding precedent makes clear that a plaintiff must plead facts necessary to standing; courts cannot guess at them.") *Accord*, *Brooke v. Grand Hyatt SF LLC*, 2020 U.S. Dist. LEXIS 76584, *2 (N.D. Cal. April 30, 2020); *Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, *1 (S.D. Cal. March 2, 2020).

Here, Plaintiff's complaint alleges a veritable laundry list of issues with the portions of a business he does not even describe. However, Plaintiff makes no attempt to explain _how_ those conditions affected his ability to "visit" the property,[1] whether in the parking lot or other portions of the targeted property not just once but multiple times. Many of the claims distinctly describe conditions that might affect a person in a wheelchair – for instance Plaintiff's claim that the aisles within the market are too narrow. However, Plaintiff does not claim to use a wheelchair and does not explain how a 36 inch wide aisle is somehow impassible for him.

**2.    CLAIMS RELATING TO THE CONDITIONS ALLEGED IN THE COMPLAINT (DOC. 1) HAVE BEEN LEGALLY ADDRESSED**

As noted above, all of the conditions alleged to amount to violations of accessibility standards have been addressed save as to the slope at the entrance that

---

[1] While Plaintiff does not mention a vehicle or any form of transportation, his obsession with the parking lot suggests he owns and/or operates a vehicle or, perhaps knows someone who owns a vehicle.

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                        11

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1    cannot be reduced given the constraint of a public sidewalk on one side and a

2    raised building on the other.

3    However, as to that single condition, the law makes clear that the inability to

4    remove that condition is not a violation of law; rather, the only obligation is to mit-

5    igate the impact of the condition.

6    **A.    New Construction Standards Do Not Apply to the Entrance**

7    ADA's requirements depend, in the first instance, on the age and history of

8    the facility housing a public accommodation. Facilities built after January 26,

9    1993, are governed by §12183(a)(1) of Title 42 and must meet certain criteria for

10   new construction. The Guidelines do not apply to existing, unaltered structures.

11   *Mannick v. Kaiser Foundation Health Plan, Inc.*, No. C03-05905PJH, 2006 U.S.

12   Dist. LEXIS 38430 at *12-13 (N.D. Cal., June 9, 2006); *D'Lil v. Stardust Vacation*

13   *Club*, No. CIV-S-00-1496 DFL PAN, 2001 U.S. Dist. LEXIS 23309 at *14 (E.D.

14   Cal., Dec. 21, 2001). "In enacting the ADA, Congress adopted two systems for

15   regulating building accessibility—one to apply to facilities designed and construct-

16   ed for occupancy before January 26, 1993, and one to apply to newly constructed

17   or altered facilities." *Mannick* at *12 (citing 42 U.S.C. §12183(a)(1) and

18   §12182(b)(2)(A)(iv)). "Only newly-constructed or altered facilities must comply

19   with the ADA Accessibility Guidelines ('ADAAG'), which were incorporated into

20   the DOJ regulations as Appendix A of 28 C.F.R. Part 36." *Mannick* at *13 (citing

21   28 C.F.R. § 35.151(c)).

22   If an existing facility is, subsequent to that date, "altered by, on behalf of, or

23   for the use of an establishment in a manner that affects or could affect the usability

24   of the facility," then the _altered portions_ of the facility must be "readily accessible

25   to and useable by individuals with disabilities, including individuals who use

26   wheelchairs." 42 U.S.C. §12183(a)(2). For existing facilities that have not under-

27   gone any relevant alterations since then, liability for discrimination may only at-

28   tach for "a failure to remove architectural barriers ... where such removal is readily

Stephen E. Abraham
——— LAW OFFICES ———
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                    12

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1    achievable." *Id.* at §12182(b)(2)(A)(iv).

2    **B.    Defendant's Provision of a Doorbell and Signage at the Entrance**

3    **are a Reasonable Accommodation and Provide Access to the Max-**

4    **imum Extent Feasible.**

5    As explained above, reconstruction of the building is simply not a reasona-

6    ble solution given the significant change in elevation exacerbated by a down-hill

7    slope in front of the shop.

8    Section 202.3, relating to alterations to existing buildings and facilities pro-

9    vides as follows:

10   **202.3 Alterations.** Where existing elements or spaces are altered, each
11   altered element or space shall comply with the applicable requirements of
     Chapter 2.

12   **EXCEPTIONS: 1.** Unless required by 202.4, where elements or
     spaces are altered and the circulation path to the altered element or
13   space is not altered, an accessible route shall not be required.

14   **2.** In alterations, where compliance with applicable requirements is
     technically infeasible, the alteration shall comply with the require-
15   ments to the maximum extent feasible.

16   Section 36.404 defines "maximum extent feasible" as follows:

17   (c) To the maximum extent feasible. The phrase "to the maximum extent
     feasible," as used in this section, applies to the occasional case where the
18   nature of an existing facility makes it virtually impossible to comply fully
     with applicable accessibility standards through a planned alteration. In
19   these circumstances, the alteration shall provide the maximum physical
     accessibility feasible. Any altered features of the facility that can be made
20   accessible shall be made accessible. If providing accessibility in con-
     formance with this section to individuals with certain disabilities (e.g.,
21   those who use wheelchairs) would not be feasible, the facility shall be
     made accessible to persons with other types of disabilities (e.g., those
22   who use crutches, those who have impaired vision or hearing, or those
     who have other impairments).

23   Reconstruction of the front of the building or, even more drastically, signifi-

24   cant portions of the interior of the shop, is not feasible. As an accommodation and

25   to improve access, a sign and doorbell have been installed allowing a disabled pa-

26   tron requiring assistance to ring a store attendant. This meets any requirement for

27   modifications to reduce the impact of architectural conditions on accessibility.

28

Stephen E. Abraham
— LAW OFFICES —
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                   13
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**3.     THE FEDERAL ADA CLAIM IS MOOT AND CANNOT SERVE AS A BASIS FOR FEDERAL JURISDICTION**

The slope at the entrance of the building is not a "violation" of law. The rest of the allegedly non-conforming conditions have been addressed and are, as noted, compliant with applicable federal law. As such, the claims are moot and the basis for federal jurisdiction no longer exists.

**A.     Federal Courts Only Hear Actual Cases or Controversies**

Under Article II of the United States Constitution, federal courts may only adjudicate actual cases or controversies, where true adversarial interests give rise to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).

This issue is one of standing and mootness. Standing, in the jurisdictional sense is based on the facts as they exist at the time the complaint is filed. *Mangual v. Rotger-Sabat*, 317 F.3d 45, 58 (1st Cir. 2003). However, a plaintiff's stake is not frozen at the moment the lawsuit is filed. As part of the actual case or controversy requirement, he must maintain a personal interest in the outcome throughout the litigation (15 MOORE'S FEDERAL PRACTICE § 102.32 (Matthew Bender 3rd ed.)), or the controversy becomes moot and nonjusticiable despite the court's retention of subject matter jurisdiction. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 18 (1st Cir. 2004); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (holding that parties must maintain a personal stake in the litigation throughout trial and appeal). Courts are required to examine *sua sponte* jurisdictional issues such as standing. See *BC by & Through Powers*, *supra*, 192 F.3d at 1264.

In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) causal connection between the injury and the conduct complaint of; and (3) *likelihood that a favorable decision will redress the wrong*. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate that a case is moot, the Defendants must

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                    14
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1   show that the issues involved are no longer "live" or that the parties lack a legally
2   cognizable interest in the outcome. *County of Los Angeles v. Davis*, 44 U.S. 625,
3   631 (1979). As discussed below, there is no "live" interest supporting retention of
4   federal jurisdiction.

5   **B.     There is no Longer any Basis for Relief under the ADA**

6       **1.     There must be a *Continuing* Right to Injunctive Relief**

7          Under the ADA, a plaintiff must establish standing sufficient to seek injunc-
8   tive relief. See 42 U.S.C. § 12188(a) (stating that the available remedies are those
9   set forth in section 2000a-3(a), that *only* provides for injunctive relief to private
10  parties). See also *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). A plaintiff is
11  only entitled to injunctive relief under the ADA if he is "*being* subjected to dis-
12  crimination on the basis of disability ... or ... has reasonable grounds for believing
13  [he] is *about to be* subjected to discrimination." *Id.* at (a)(1) (emphasis added). The
14  relevant issues here are (1) whether Plaintiff has reasonable grounds for current de-
15  terrence, and (2) whether Plaintiff remains currently deterred, from returning to
16  Defendant's premises.

17         Plaintiff's federal claim falls short for two reasons: (1) Plaintiff lacks "rea-
18  sonable grounds" for being deterred from Defendant's property based on the condi-
19  tions of the property because those prior conditions do not exist (if they indeed ev-
20  er did); and (2) Plaintiff cannot show he still intends to return to Defendant's busi-
21  ness and is *currently* deterred from doing so.

22         When a plaintiff seeks injunctive relief in anticipation of future injury, the
23  Supreme Court has held that exposure to past illegal conduct does not give rise to
24  an actual or imminent injury unless there are "*continuing, present adverse effects*"
25  and a plaintiff shows that "*there is a real and immediate threat of repeated injury*."
26  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (emphasis added), quoting
27  *O'Shea v. Littleton*, 414 U.S. 488, 495-6 (1974). In this case, Plaintiff's complaint
28  alleges injury in the form of deterrence and seeks injunctive relief to remedy the

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                15
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

same. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. *O'Shea*, 414 U.S. at 495-496.

The facts in support of this motion demonstrate that the cause of the injury is gone and not likely to return or reoccur. Accordingly, there is no need for this court to issue any injunctive relief – certainly not as relates to this Defendant – as there is no <u>*reasonable*</u> possibility that Plaintiff will be the subject of discrimination as alleged.

### 2.  Plaintiff Cannot Claim Deterrence Based on Nonexistent Conditions

The only relief available under the ADA is an injunction. *Chapman*, *supra*, 631 F.3d at 946. "[This] equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles*, *supra*, 461 U.S. at 111; see also *Chapman*, 631 F.3d at 946 (to get relief under ADA a plaintiff must demonstrate "a real and immediate threat of repeated injury in the future").

Standing based on deterrence requires not only a showing of "discriminatory conditions" but also that a "plaintiff is aware of [the conditions] and <u>*remains deterred*</u>." *Pickern*, 293 F.3d at 1137 (emphasis added); *see also Moreno v. G&M Oil Co.*, 88 F.Supp.2d 1116 (C.D. Cal. 2000).

Once injunctive relief claims are resolved, the federal claims are moot. *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (1997); *Dufresne v. Veneman*, 114 F.3d 952, 953-954 (9th Cir. 1997); *Pickern v. Best Western Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002). There are no reasonable grounds for fear by Plaintiff that there are or will be any barriers proscribed under the ADA – if there ever were.

There is no case or controversy here where the entirety of the claim assumes

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                    16

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1   that conditions that do not exist.

2   **4.   THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL**

3   **JURISDICTION OVER THE REMAINING STATE CLAIMS**

4       **A.   Long-Standing Principles of Jurisprudence Warrant Declining to**

5           **Exercise Supplemental Jurisdiction in this Case**

6       Section 1367(c)(4) allows a district court to use its discretion to decline to

7   exercise supplemental jurisdiction if "in exceptional circumstances, there are other

8   compelling reasons for declining jurisdiction." 29 U.S.C. §1367(c)(4). "[P]endant

9   jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v.*

10  *Int'l College of Surgeons*, 522 U.S. 156, 172 (1997). Subject matter jurisdiction

11  over Plaintiff's state law claims rests upon supplemental jurisdiction pursuant to 28

12  U.S.C. § 1367(a).

13      There are compelling reasons for declining to exercise supplemental juris-

14  diction over these state law claims, which seek remedies that Congress clearly in-

15  tended to preclude under the ADA. The fact that an ADA violation may serve as an

16  element of state law claim does not automatically confer federal question jurisdic-

17  tion. *Pickern*, *supra*, 194 F.Supp.2d at 1131. "Unlike the California Disabled Per-

18  sons Act and the Unruh Civil Rights Act, both of which provide damages for viola-

19  tions, the only remedy available to a private plaintiff under the ADA is injunctive

20  relief." 42 U.S.C. §12188(a)(2). *Id.* Plaintiff's remaining claims do not present a

21  federal question. *See Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002) (ADA-

22  based state law claims seeking damages do not give rise to federal question juris-

23  diction). Nor is there a claim of diversity jurisdiction with attendant minimum

24  amount in controversy. *See* 28 U.S.C. §1332. Where the only federal claim-based

25  cause of action is moot and should be dismissed, comity and fairness strongly fa-

26  vor dismissal of the remaining state law claims. *See United Mine Workers v.*

27  *Gibbs*, 383 U.S. 715, 727 (1966) ("[n]eedless decisions of state law should be

28  avoided both as a matter of comity and to promote justice between the parties, by

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                    17

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1    procuring for them the surer-footed reading of the law.")

2        The Court may consider whether declining to exercise jurisdiction serves the

3    principles of economy, convenience, fairness and comity. *City of Chicago*, *supra*,

4    522 U.S. at 172-3 (1997). The principle of comity strongly favors dismissing the

5    state law claims. See *Executive Software N. Am., Inc. v. United States Court for*

6    *Central District of Cal.*, 24 F.3d 1545, 1553 (9th Cir. 1994) ("When novel issues

7    of state law are presented, though, considerations of judicial economy are not de-

8    terminative.") (quoting *Gingerich v. White Pigeon Community Schs.*, 736 F.Supp.

9    147, 149-51 (W.D. Mich.1990)).

10        In deciding whether to exercise supplemental jurisdiction, a court must con-

11   sider the underlying objective of "most sensibly accommodating the values of

12   economy, convenience, fairness, and comity." *Exec. Software*, *supra*, 24 F.3d at

13   1557 (internal quotations omitted). A district court need not "articulate why the

14   circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to

15   28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159

16   F.3d 470, 478-79 (9th Cir. 1998) (quoting *Exec. Software*, 24 F.3d at 1557).

17        "[I]n the usual case in which all federal-law claims are eliminated before

18   trial, the balance of factors to be considered under the pendent jurisdiction doc-

19   trine—judicial economy, convenience, fairness, and comity—will point toward de-

20   clining to exercise jurisdiction over the remaining state-law claims." *Carnegie–*

21   *Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). As one court observed:

22           State court is no less convenient than the instant forum, and it certain-
             ly not unduly burdensome or unfair to dismiss a case that, while ad-
23           vanced in stage, has required almost no actual litigation. Comity
             weighs strongly in favor of dismissal, given the fact that only state
24           law claims remain, and these issues potentially raise important ques-
             tions of California law. See *Org. for Advancement of Minorities with*
25           *Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130 (S.D. Cal
             .2005).
26
     *Rogers v. Irvine Co. LLC*, No. SA CV 13-0638-DOC(ANx), 2014 WL 2865699, at
27
     *2 (C.D. Cal June 24, 2014)
28

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                          18
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The case is in the nascent stages. Nothing has occurred beyond the filing of a formulaic if not form complaint. Plaintiff can hardly claim that he is deeply invested in litigating in this forum. Accordingly, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims.

**B.      State Claims that Predominate the Litigation Warrant Declining to Exercise Supplemental Jurisdiction in this Case**

Plaintiff's state-law claims substantially predominate over Plaintiff's ADA claim. First, California has its own set of public accommodation accessibility standards that can provide the basis for liability for disability discrimination in addition to ADA standards. See *Moeller v. Taco Bell Corp.*, No. C02-05849, 2007 WL 2301778, at *6 (N.D. Cal. Aug. 8, 2007) ("A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act.").

Second, Plaintiff's timing strongly suggests that he had little interest in removing barriers – giving no notice of his concerns at any time prior to filing the complaint. Rather, the only interest demonstrated by Plaintiff's filing the amended complaint was to pursue monetary claims and fees, matters best left to state court.

Third, Plaintiff alleges intentional disability discrimination (Complaint, ¶24) ("the noncompliance with the ADA Standards … was intentional"), a claim unnecessary to his ADA claim. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004); see *Earll v. eBay, Inc.*, 5:11-cv-00262, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)). Determination of intentional discrimination entails application of state-law standards. See *id*. Accordingly, a determination of Defendants' liability for state-law disability discrimination involves predominantly state-law issues. Cf. *Gibbs*, 383 U.S. at 726 (noting that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals")

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                                          19

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Finally, Plaintiff's state-law claims provide more expansive remedies than Plaintiff's ADA claim. Plaintiff seeks damages unavailable under the ADA, but available under the Unruh Civil Rights Act. Compare *Wander*, 304 F.3d at 858 (noting that damages are not available under Title III of the ADA) with CAL. CIV. CODE §52(a) (authorizing damages under the Unruh Civil Rights act).

## C. State Court Provides a More Efficient Forum for Plaintiff's State Law Claims

California Civil Code §52.2 gives the California Small Claims Court specific jurisdiction of disabled access claims under Civil Code §52 and §54.3. Additionally, California Code of Civil Procedure §1033(b) creates strong incentives for plaintiffs to file in the most economical level of California's tiered jurisdictional classifications (Small Claims [Limited Civil under $10,000], Limited Civil [under $25,000], and Unlimited Civil [over $25,000. (CAL. CODE CIV. PROC. §1033(b) (limiting or eliminating an award of costs where a lawsuit is "over-filed" and the plaintiff fails to obtain a damage award above the jurisdictional minimum). Given the existence of this "tiered" system of litigation in state court, it would likely be less costly to the parties if Plaintiff's state-law claims are litigated in state court.

## V.
## CONCLUSION

Defendants respectfully submits their motion to dismiss the federal claim should be GRANTED

Dated: January 14, 2022          LAW OFFICES OF STEPHEN ABRAHAM


                                 By:  /s/ Stephen E. Abraham
                                     Stephen E. Abraham
                                     Attorney for Defendants

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO 12b                    20
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS