**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants Tri Ung, Nany Teav

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC CLEVELAND**, an individual<br><br>*Plaintiff*,<br><br>*v.*<br><br>**TRI UNG**, an individual; **NANY TEAV**, an individual; and DOES 1-10,<br><br>*Defendant*. | Case No. 2:21-cv-07885-GW-GJS<br><br>**DECLARATION OF JASON JAMES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**<br><br>Honorable George H. Wu<br><br>United States Courthouse<br>350 West 1st Street<br>Courtroom 9D, 9th Floor<br>Los Angeles, CA, 90012<br><br>Date: Monday, February 14, 2022<br>Time: 8:30 a.m. |

## DECLARATION OF JASON JAMES

I, Jason James, declare:

1.      All the statements contained herein are made and based on my personal knowledge and if called as a witness I could and would testify competently thereto.

2.      I am a California state Certified Access Specialist (CASp #479) and also certified by the State of California Division of the State Architect (DSA) as a Class 1 Commercial Building Inspector (DSA #4703). I have over 25 years in construction and over 18 years as a building inspector.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b

1

JAMES DECL. ISO DEFENDANTS' MOTION TO DISMISS

3.     I am familiar with Plaintiff's claims in the above captioned matter and have reviewed the Complaint filed in the action.

4.     On January 21, 2021, I performed an inspection of the property located at 2569 Santa Fe Avenue, Long Beach, California.

5.     I inspected each of the items, where required measuring items to determine compliance, observing other conditions to confirm that they met federal and, where specified, state accessibility requirements.

6.     Following the inspection, I prepared a report, a true copy of which is submitted with this declaration as **Exhibit 1**.

7.     Based upon my inspection and as reflected in my report, the elements of the marking, including the associated parking, identified in Plaintiff's Complaint are compliant under federal and, where called out, state accessibility standards.

8.     Notably, as to one of the conditions, because remediation is not technically feasible, reasonable accommodation is addressed.

**DIRECTIONAL SIGNAGE**

9.     Regarding entrance signage, section 216.6 of the ADAS states that signage is only required on an entrance if not all entrances are accessible.

10.     In the case of the targeted property, I observed there to be only one entrance made available to the public. Therefore, there is no requirement that there be a sign at the entrance.

11.     Regarding directional signage, section 216.6 requires that directional signage be placed at entrances that are not compliant showing the route to the accessible entrance.

12.     Under the CBC, 11B-216.6, directional signage at an accessible route is only required "at junctions when the accessible route diverges from the regular circulation paths."

13.     Per the California Access Compliance Advisory Reference Manual (issued by the State of California)... "Advisory 11B-216.6 Entrances. Directional

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b                                2

JAMES DECL. ISO DEFENDANTS' MOTION TO DISMISS

signs are needed where the accessible route diverges from the route for the general public and should be located at decision points (for example where the path to the stairs diverges from the path to an elevator or ramp).

14.     Directional signs are not needed where paths are equal and/or readily apparent."

15.     There is only one entrance to the market. There is no other entrance. Moreover, from the path of travel from the parking lot, there is no split of direction nor path leading in any direction other than to the entrance that is conspicuous from the sidewalk.

16.     On the basis of the foregoing, I conclude that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS.

**TOW AWAY SIGN (STATE LAW)**

17.     The towaway sign required under the California Building Code (CBC) is prominently posted. A true copy of the photograph accurately depicting the placement and contents of the sign is in my report (Exh. 1) at Finding 1.

18.     On the basis of the foregoing, I conclude that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2019 CBC.

**ACCESSIBLE PARKING SPACE**

19.     I inspected the accessible parking space.

20.     An accessible parking space was located in the adjacent parking lot positioned in the closed possible space adjacent to the sidewalk.

21.     The accessible parking space is 9 feet 4 inches wide, 18 feet 2 inches in length, and has slopes and cross slopes of no greater than 2%

22.     The space is freshly painted, bordered on three sides in blue, and marked with ISA symbol and signage designating the space as van accessible.

23.     The surface of the accessible parking space is freshly poured with no

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b                                3

JAMES DECL. ISO DEFENDANTS' MOTION TO DISMISS

changes in level, uneven locations, depressions, dips, divots, or cracks measuring greater than ½ inch.

24.     An accurate depiction of my observations is set forth in my report (Exhibit 1) at Finding 1.

25.     On the basis of the foregoing, I conclude that the accessible parking space meets applicable federal accessibility standards.

**ACCESSIBLE PARKING SPACE SIGNAGE**

26.     I observed a sign posted on the wall at the head (front) of the accessible parking space.

27.     The sign was posted more than 60 inches from the base of the sign to the ground. It was not obscured. The sign included the ISA symbol, "Minimum Fine $250", and "Van Accessible" elements.

28.     Photographs accurately depicting the signage are set forth in my report (Exhibit 1) at Finding 2, page 8.

29.     On the basis of the foregoing, I conclude that the accessible parking space signage meets applicable federal accessibility standards.

**ACCESS AISLE**

30.     I inspected the access aisle adjacent to the accessible parking space, including the signage, and transition to accessible paths of travel.

31.     An access aisle was located immediately to the right of the van accessible parking space.

32.     The access aisle is eight feet 2 inches wide, 18 feet 2 inches in length, and has slopes and cross slopes of no greater than 2%.

33.     The surface of the access aisle is freshly poured with no changes in level, uneven locations, depressions, dips, divots, or cracks measuring greater than ½ inch. The access aisle is bordered in blue, contains diagonal lines, and the words in contrasting lettering, "NO PARKING" so as to discourage parking.

34.     At the head of the access aisle is a transition to an accessible path of

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b                                    4

JAMES DECL. ISO DEFENDANTS' MOTION TO DISMISS

1    travel leading to the public sidewalk.

2        35.    Photographs accurately depicting my observations are set forth in my

3    report (Exhibit 1) at Finding 2.

4        36.    On the basis of the foregoing, I conclude that the access aisle meets

5    applicable federal accessibility standards.

6    **PATH OF TRAVEL FROM THE ACCESS AISLE TO THE PUBLIC**

7    **SIDEWALK**

8        37.    I inspected the path of travel leading from the access aisle adjacent to

9    the accessible parking space to the public sidewalk.

10       38.    The surface of the path of travel is freshly poured with no changes in

11   level, uneven locations, depressions, dips, divots, or cracks measuring greater than

12   ½ inch.

13       39.    The path begins at the head of the access aisle closest to the exterior

14   side wall of the market.

15       40.    At no point does the path travel behind any vehicle nor adjoin places

16   of traffic. It follows the wall in front of the access aisle and accessible parking

17   space until it meets the sidewalk.

18       41.    It is not less than 4 feet wide at its narrowest point.

19       42.    The path has slopes no greater than 5% and cross slopes no greater

20   than 2% at any point. The path also has slopes no greater than 2% at any turning

21   point.

22       43.    The path is distinctly striped so as to indicate it to be an accessible

23   path of travel.

24       44.    Photographs accurately depicting my observations are set forth in my

25   report (Exhibit 1) at Finding 2.

26       45.    On the basis of the foregoing, James concluded that the path of travel

27   from the access aisle and accessible parking to the public sidewalk meets

28   applicable federal accessibility standards.

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b                              5

JAMES DECL. ISO DEFENDANTS' MOTION TO DISMISS

## PATH OF TRAVEL FROM THE PUBLIC SIDEWALK TO THE ENTRANCE OF THE BUILDING

46.    The entire market, originally constructed in 1947, is located on a raised pad.

47.    The entrance to the store consists of a single commercial exterior door is set back approximately 32 inches from the exterior wall of the building.

48.    The adjacent portions of the walls to the left and right of the door are structural.

49.    The entry is not less than 32 inches wide and has a change in elevation of approximately 6 inches from the public sidewalk to the threshold of the door.

50.    The slope of the pathway is 11.2%. To maintain a running slope of no greater than 1:20, the ramp would need to be no less than 12 feet, intruding onto the sidewalk.

51.    Even if reduced to 8.3% (1:12) with handrails, the ramp would extend well beyond the edge of the building onto the public sidewalk.

52.    The only alternative would be to extend the ramp into the store itself, creating a network of switchbacks that would require vast portions of the store to be devoted to ramps, again a technically infeasible option.

53.    Due to the difference in elevation from the interior structural slab and tile flooring to the exterior concrete, the threshold cannot feasibly be less than ½ inch and still seal to the bottom of the door.

54.    To address the issue of the excess slope, Defendants added a sign and buzzer to easily allow a person requiring assistance to notify employees of the business who could then open the door and assist the patron into the store.

55.    The sign was prominently posted and would have been easily recognized as addressing any perceived barriers at the entrance by even the most casual observer.

56.    Photographs accurately depicting my observations are set forth in my

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b                                   6

JAMES DECL. ISO DEFENDANTS' MOTION TO DISMISS

report (Exhibit 1) at Finding 3.

57.    On the basis of the foregoing, I conclude that it is not technically feasible to eliminate or reduce the slope of the entryway leading into the market from the sidewalk and that the sign and buzzer system at the entrance represent a reasonable accommodation.

**CARPET/MAT**

58.    James observed there to be no carpets or mats within the market.

59.    On the basis of the foregoing, I conclude that there is no violation of federal accessibility standards relating to mats or carpets.

**CLEAR FLOOR SPACE**

60.    The complaint alleges noncompliance based on allegedly narrow and/or obstructed aisle. Plaintiff further claims that the minimum standards of accessibility require aisles to be at least 44 inches, falsely attributing this requirement to federal standards.

61.    The foregoing allegations in the Complaint do not describe a violation of federal accessibility standards that provide for 36-inch-wide aisles with narrowing permitted to 32 inches.

62.    I confirmed based on my observations that all portions of the Market were accessible, that the aisles were 36 inches wide except where narrowed to no less than 32 inches for no greater length than 24 inches and that no narrowed portions were closer than 48 inches to one another.

63.    Photographs accurately depicting my observations are set forth in my report (Exhibit 1) at Finding 5.

64.    On the basis of the foregoing, I conclude that the conditions of the aisles within the market meet the requirements of the applicable provisions of the 2010 ADAS.

/ / /

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b                         7
JAMES DECL. ISO DEFENDANTS' MOTION TO DISMISS

1        I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct and that this declaration is executed

3    on January 14, 2021 at Temecula, California.

4

5    _____

6    Jason James

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b                                        8

JAMES DECL. ISO DEFENDANTS' MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

**CASp REPORT**

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - James Decl iso 12b                                    1