UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7885-GW-GJSx | Date | February 11, 2022 |
|---|---|---|---|
| Title | *Eric Cleveland v. Tri Ung, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) [14]

Attached hereto is the Court's Tentative Ruling on Defendants' Motion to Dismiss [14], set for hearing on February 14, 2022 at 8:30 a.m.

: 

Initials of Preparer   JG

<u>*Eric Cleveland v. Tri Ung and Nany Teav*</u>; Case No. 2:21-cv-07885-GW-(GJSx)
Tentative Ruling on Motion to Dismiss Pursuant to FRCP 12(b)(1)

I.     **Background**

    Plaintiff Eric Cleveland sued Defendants Tri Ung and Nany Teav for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.* related to alleged accessibility barriers at the business establishment on Defendants' property. *See generally* Complaint ("Compl."), Docket No. 1.

    Plaintiff alleges the following: Plaintiff suffers from osteoarthritis in his hip and knees, uses a cane, and has been issued a blue Disabled Person Parking Placard by the State of California. Compl. at ¶ 1. Defendants own the property located at 2569 Santa Fe Avenue, Long Beach, California, 90810. *Id.* ¶ 2. There is a business establishment on this property, which is a place of public accommodation and is named "A & F Market." *Id.* ¶¶ 3-4. Plaintiff visited this property in March 2020, June 2020, and January 2021 and encountered barriers that interfered with Plaintiff's ability to access this place of public accommodation. *Id.* ¶¶ 13, 15. Specifically, Plaintiff states that the parking spaces designated for disabled persons did not comply with the ADA because (1) the disabled parking space has missing signage, uneven asphalt, slopes, and incorrect space dimensions; (2) there is no marked path of travel from the access aisle to the business entrance/sidewalk; (3) the paths of travel have "many pavement distresses and slopes"; (4) the ground at the business entrances is broken; and (5) the shopping aisles inside the business are too narrow. *Id.* ¶ 20. The presence of these barriers and conditions existed during Plaintiff's prior visits, and although Plaintiff intends and plans to visit the property again soon, he is reasonably deterred currently from returning by the existing barriers. *Id.* ¶¶ 23, 25. Plaintiff also asserts that Defendant has the financial resources to remove these barriers, which Plaintiff states is readily achievable. *Id.* ¶ 27.

    Plaintiff filed the present case in federal court, seeking injunctive relief under the ADA, damages under the Unruh Act, and attorney fees and costs. *See generally id.* Defendants now file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff's claims are moot and that Plaintiff has not adequately pleaded the existence of Article III standing with an injury-in-fact. *See* Defendants' Motion to Dismiss Pursuant to FRCP

12(b)(1) ("Motion"), Docket No. 14.  Plaintiff filed an Opposition Brief ("Opp."), Docket No. 16, and Defendants filed a Reply, see Docket No. 17.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits a party to seek dismissal of an action for lack of subject-matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also Bedwell v. TBLB Enterprises LLC*, No. 21-EDCV-1340-JGB-(SPx), 2021 WL 5364774, at *2 (C.D. Cal. Oct. 29, 2021).  The first is a facial attack, in which the "challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  The second is a factual attack, in which the "challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  In examining a factual jurisdictional attack, the "district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," including affidavits furnished by the parties, and "need not presume the truthfulness of the plaintiff's allegations." *Id.*  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 (9th Cir. 2003); internal quotation marks omitted).  A "jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Safe Air*, 373 F.3d at 1039 (quoting *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983); *see also Acevedo v. C & S Plaza Ltd. Liab. Co.*, No. 20-56318, 2021 WL 4938124, at *2 (9th Cir. Oct. 22, 2021) (noting that the ADA provides both federal subject matter jurisdiction and a basis for a claim for relief).

## III. Discussion

### A. Supplemental Jurisdiction

Defendants ask the Court to decline exercising supplemental jurisdiction over Plaintiff's Unruh Act claim.  *See* Motion at 17-20.  The Court has already determined that Plaintiff is a

"high-frequency litigant" as defined in Cal. Civ. Proc. Code § 425.55(b)(1) in a nearly identical ADA/Unruh Act case filed by Plaintiff in this Court: *i.e. Eric Cleveland v. Isela Briseno, et al.*, Case No. 2:21-cv-06874-GW-(AFMx), *see* Order, Statement of Reasons for Declination of the Exercise of Supplemental Jurisdiction as to Unruh Act Claim, Docket No. 17 in the *Briseno* case. The Court hereby incorporates that Order by reference and declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act cause of action in this case for the reasons stated therein.

B. Mootness

"Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*." *Bedwell*, 2021 WL 5364774, at *5 (quoting *Lopez v. Garcia Apartments, LLC*, 2014 WL 12696711, at *3 (C.D. Cal. Dec. 19, 2014); internal quotation marks omitted). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (quotation omitted). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see also Langer v. Manuele*, No. 18-CV-00104-BEN-NLS, 2018 WL 3019946, at *1 (S.D. Cal. June 18, 2018). The party claiming mootness carries the burden of demonstrating the case is moot. *See Bedwell*, 2021 WL 5364774, at *5.[1]

Here, Defendants contend that the Court lacks subject-matter jurisdiction because the statutory violations Plaintiff alleges are moot due to the fact that the alleged barriers were actually ADA-compliant or were rendered so after the lawsuit was filed. *See* Motion at 4-10. In support, Defendants have filed a declaration from Jason James, a California state Certified Access Specialist ("CASp") and Class 1 Commercial Building Inspector. *See* Motion, Decl. of Jason James ("James Decl."), Docket No. 14-2. James concluded that the conditions described by Plaintiff in his Complaint are all ADA-compliant, with the exception of one condition, for which reasonable accommodation has been provided. Specifically, Defendants provide evidence

---

[1] The Court may properly consider the evidence supplied by Defendants in support of the Motion. While it is generally true that where the merits of the case and the jurisdictional issue are intertwined, jurisdictional findings of fact are inappropriate, fact-finding for mootness requires the Court to look to the state of the claim *as it is now*. In other words, there is no entanglement between the merits of Plaintiff's ADA claim – which relate to the state of the subject property during his visits in March 2020, June 2020, and January 2021 – and the substance of the mootness question, namely, whether the conditions at the subject property *currently* might require injunctive relief under the ADA. *See Lange*, at *3. Thus, the Court can properly consider the evidence proffered by Defendants. *See* Motion, Decl. of Jason James, Docket No. 14-2.

3

from James that the following conditions/barrier alleged by Plaintiff were compliant and/or reasonably accommodated:

> **Directional Signage**:  With only one entrance available to the public, § 216.6 of the ADA does not require Defendants to have signage at the entrance, and the accessible routes are equal and/or readily apparent.  James Decl. ¶¶ 9-16.
>
> **Accessible Parking Space**: The parking space meets the minimum dimension requirements and has cross slopes of no greater than 2 percent.  The space is freshly and properly painted.  The surface of the parking space is "freshly poured" and has no uneven locations or other distresses.  *Id.* ¶¶ 19-25.
>
> **Accessible Parking Space Signage**: There is a sign at the head of the parking space that is at the proper position, is not obscured, and has the requisite symbols and text.  *Id.* ¶¶ 26-29.
>
> **Access Aisle**: The access aisle to the right of the parking space is the proper size, has cross slopes no greater than 2 percent, is freshly poured and lacks uneven or distressed areas, and is properly painting with a blue border, diagonal lines, and "NO PARKING" lettering.  The head of the access aisle has a transition to an accessible path of travel leading to the public sidewalk.  *Id.* ¶¶ 30-36.
>
> **Path of Travel from the Access Aisle to the Public Sidewalk**: This path is freshly poured, has no uneven or distressed locations, and begins at the head of the access aisle closest to the exterior side wall of the business.  The path takes an appropriate path to the sidewalk, is not less than 4 feet wide at its narrowest point, has slopes no greater than 5 percent and cross slopes no greater than 2 percent, has slopes no greater than 2 percent at any turning point, and is distinctly striped. *Id.* ¶¶ 37-45.
>
> **Path of Travel from the Public Sidewalk to the Entrance of the Building**: Because of (1) the structure of the building's foundation, (2) the adjacent portions of the walls to the left and right of the doors, (3) the change in elevation from the entry to the public sidewalk, and (4) the slope of the existing pathway, a ramp is not feasible because to maintain a running slope of no greater than 1:20, it would need to be at least 12 feet long and would intrude into the sidewalk.  There are no technically feasible solutions for this problem.  *Id.* ¶¶ 46-53.  Thus, Defendants

>   have a sign and buzzer "to easily allow a person requiring assistance to notify employees of the business who could then open the door and assist the patron into the store." *Id.* ¶ 54. This sign is "prominently posted and would have been easily recognized as addressing any perceived barriers at the entrance by even the most casual observer." *Id.* ¶ 55. James concludes that the sign and buzzer "represent a reasonable accommodation." *Id.* ¶ 57.
>
>   **Carpet/Mat**: There are no carpets or mats present and thus no violation. *Id.* ¶¶ 58-59.
>
>   **Clear Floor Space/Interior Aisle Accessibility**: All aisles were 36 inches wide "except where narrowed to no less than 32 inches for no greater length than 24 inches," and "no narrowed portions were closer than 48 inches to one another. *Id.* ¶¶ 60-64.

Accompanying evidence and photographs appear to confirm James's findings. *See generally* James Decl., Ex. 1, CASp Report. In his opposition briefing, Plaintiff has not provided any evidence that the Court continues to retain subject-matter jurisdiction – that is, that any barriers remain, the removal/mitigation of which is readily achievable. Thus, the Court would find that Defendants have met their burden in demonstrating that Plaintiff's ADA claim is moot. *Cf. Bedwell*, 2021 WL 5364774, at *5 (concluding that Defendant's proffered evidence sufficiently supported a motion to dismiss for mootness, particularly where Plaintiff had not provided any evidence to the contrary), *Langer*, 2018 WL 3019946, at *2 (same), *Dalfio v. Orlansky-Wax*, LLC, No. 21-CV-1136-DMS-(JLBx), 2021 WL 5761510, at *2 (S.D. Cal. Dec. 3, 2021) (same, and pointing out that "as the party opposing the motion, Plaintiff 'has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden'" (quoting *Johnson v. Oishi*, 362 F. Supp. 3d 843, 847 (E.D. Cal. 2019)). Because the Court lacks subject-matter jurisdiction, it would accordingly dismiss the ADA claim.[2]

## IV. Conclusion

Based on the foregoing discussion, the Court would GRANT the motion to dismiss for lack of subject-matter jurisdiction as to Plaintiff's ADA claim.

---

[2] Due to the Court's conclusion that the ADA claim is moot, it need not reach other theories presented by Defendants in the Motion as to why the Court lacks subject-matter jurisdiction.